UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-2425 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. He has consented to have all proceedings in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

By order filed February 25, 2014, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

/////

1

1    In his amended complaint, plaintiff asserts various corrections officials at multiple prisons
2 miscalculated the amount of sentence credit plaintiff has earned while in prison. He seeks
3 monetary relief and injunctive relief which would result in more sentence credit.
4    Plaintiff presented essentially the same complaint in 1:12-cv-1707 DLB. In response to
5 his complaint, plaintiff was informed as follows:

> "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This principle, known as the favorable termination rule, see *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994), is applicable in this action. Plaintiff must first pursue a remedy with a habeas petition prior to filing a § 1983 action. Because Plaintiff's request for relief, if successful, would result in Plaintiff's duration of confinement being reduced, Plaintiff does not state a cognizable § 1983 claim. Plaintiff's claim fails a matter of law.

13    The complaint filed in 1:12-cv-1707 DLB was dismissed on May 13, 2013. The amended
14 complaint filed in this action, essentially an improper second attempt to present claims which
15 cannot be presented in a § 1983 action, will also be dismissed.[1]
16    In accordance with the above, IT IS HEREBY ORDERED that:
17    1. Plaintiff's amended complaint is dismissed; and
18    2. This case is closed.
19 Dated: March 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow2425.dis

---

[1] The court notes that plaintiff has filed an application for writ of habeas corpus under 28 U.S.C. § 2254 where he presents essentially the same claims he presents here. See 2:13-cv-1406 TLN CKD P

2